UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mahmood Fariduddin,                                              Civil No. 06-2866 (PAM/FLN)

                      Petitioner,

v.
                                                          **ORDER**

Warden R. L. Morrison,

                      Respondent.

---

      This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Franklin L. Noel on December 12, 2006. The R&R recommended that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 be granted to the extent Petitioner requests a community corrections center ("CCC") eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21. The R&R recommended that the Petition be denied to the extent Petitioner seeks an immediate determination of his CCC eligibility date. Petitioner objects to the partial denial and seeks an immediate evaluation of CCC eligibility. The Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). Based on that review and Petitioner's arguments, the Court adopts the R&R.

      Program Statement 7310.04 establishes the current Bureau of Prisons (BOP) policy on CCC placement. It requires the BOP to assess CCC eligibility based on several factors, including an inmate's needs for services, public safety, and community resources. (See Fed. Dep't of Justice Bureau of Prisons Program Statement 7310.04, available at http://www.bop.gov/policy/prostat/7310_004.pdf, at 7.) It also requires the BOP to develop

a specific release preparation plan, including a CCC referral determination, "no later than 11 to 13 months before an inmate's projected release date." (Id.) Finally, it establishes a guideline that an inmate be referred to a CCC for up to 180 days, "with placement beyond 180 days highly unusual, and only possible with extraordinary justification." (Id. at 8.)

Petitioner argues that Program Statement 7310.04 is invalid. In particular, he contends that the Program Statement violates 18 U.S.C. § 3621(b) because it limits the CCC eligibility determination to eleven to thirteen months before an inmate's projected release date. He further contends that requiring "extraordinary justification" for CCC placement beyond 180 days imposes a higher burden than allowed by § 3621(b).

The BOP may transfer a inmate to a CCC at any time, Elwood v. Jeter, 386 F.3d 842, 845 (8th Cir. 2004), but must make an individualized determination of an inmate's CCC eligibility based on several factors enumerated in § 3621(b). Fults v. Sanders, 442 F.3d 1088, 1091-92 (8th Cir. 2006). In addition, the BOP must develop a transition plan that allows the inmate to spend a reasonable part of the last ten percent of his or her imprisonment term, not to exceed six months, in conditions facilitating reentry into the community. 18 U.S.C. § 3624(c); Elwood, 386 F.3d at 847. The plan need not necessarily include CCC placement—it may include any practicable means to help the inmate's reentry into the community. Elwood, 386 F.3d at 846-47.

Although § 3621(b) provides the BOP the authority to transfer an inmate to a CCC anytime, it does not establish a specific deadline to make a CCC eligibility determination. Moreover, requiring "extraordinary justification" to extend CCC placement beyond six

2

months does not violate § 3621(b) because it does not preclude the completion of an individualized assessment. Indeed, it implies that an individualized determination is necessary to determine whether CCC placement beyond six months is warranted. Finally, Policy Statement 7310.04 comports with § 3624(c), as it requires a prerelease assessment within eleven months of a release date and provides a general rule of up to six months in a CCC.

Consistent with Program Statement 7310.04, the BOP will evaluate Petitioner's eligibility eleven to thirteen months before his projected release date of February 3, 2008. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **GRANTED in part** and **DENIED in part**. It is granted to the extent Petitioner requests a CCC eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21, but denied to the extent Petitioner seeks immediate transfer to a CCC or immediate determination of his CCC eligibility date;

2. The R&R (Docket No. 8) is **ADOPTED**; and

3. Petitioner's Objections (Docket No. 9) are **OVERRULED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 10, 2007

                                                                s/ Paul A. Magnuson
                                                                Paul A. Magnuson
                                                                United States District Court Judge