UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mahmoud Fariduddin,                      Civil No. 06-2866 (PAM/FLN)

       Petitioner,

v.                                 **REPORT AND RECOMMENDATION**

Warden R.L. Morrison,

       Respondent.

_____

Mahmoud Fariduddin, *Pro Se,* Petitioner.
John Marti, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's Motion for Contempt [#12]. The undersigned issued an Order to Show Cause why the motion should not be granted [#13]. Respondent filed a Response to Order to Show Cause [#14]. Petitioner filed a Reply to Respondent's Response [#17]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the motion be denied.

Petitioner Mahmoud Faridudden is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. On July 3, 2006, Petitioner filed a Petition for Writ of Habeas Corpus [#1]. On December 12, 2006, the undersigned issued a Report and Recommendation [#8] recommending that Petitioner's Petition be granted in part and denied in part. On January 10, 2007, District Court Judge Paul A. Magnuson adopted the Report and Recommendation [#10], thereby ordering that Respondent determine Petitioner's Community Corrections Center ("CCC") eligibility based on the factors listed in 18 U.S.C. § 3621(b) without regard to 28 C.F.R. §§ 570.20 and 570.21.

Petitioner brings this motion for contempt on allegations that Respondent has not made an individualized determination of his CCC eligibility based on the five factors listed in §3621(b). He asserts that Respondent has used a "grid" that does not comport with §3621(b).[1]

Respondent filed his Response to Order to Show Cause [#14] and the Declaration of Brad Havron [#15] to demonstrate that Petitioner did receive an individualized determination under §3621(b). These documents demonstrate that Respondent has considered Petitioner's post-release support structures and his potential for future employment. Havron also articulated how each factor listed in § 3621(b) was considered in determining Petitioner's CCC eligibility. (Havron Decl. ¶ 3.)

There is no evidence, provided by either the Petitioner or Respondent, to support the conclusion that Respondent did not comply with the Order of this Court. Therefore, Petitioner's motion should be denied.

### RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Motion for Contempt [#12] be **DENIED.**

DATED: June 4, 2007                              *s/ Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words.

---

[1] Petitioner does no more than make a general allegation to the use of a grid in determining his CCC eligibility. Petitioner does not provide any evidence that a grid is used, nor any argument that such a grid fails to comport with the requirements of § 3621(b).

A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals