UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mahmound Faridudden,                                      Civil No. 06-2866 (PAM/FLN)

          Petitioner,

v.                                                                                   **ORDER**

Warden R.L. Morrison,

          Respondent.

---

This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Franklin L. Noel on June 4, 2007. The Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review and Petitioner's arguments, the Court adopts the R&R.

Petitioner is incarcerated at the Federal Prison Camp in Duluth, Minnesota. In July 2006, Petitioner filed a Petition for Writ of Habeas Corpus, requesting a community corrections center ("CCC") eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21.[1] In January 2007, the Court ordered Respondent to determine Petitioner's CCC eligibility based on factors in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. § 570.20 and 570.21 within eleven to thirteen months of Petitioner's projected release date of February

---

[1] In Fults v. Sanders, 442 F.3d 1088, 1091-92 (8th Cir. 2006), the Eighth Circuit Court of Appeals invalidated 28 C.F.R. §§ 570.20 and 570.21 because the regulations conflicted with 18 U.S.C. § 3621(b), which gives broad discretion to the Bureau of Prisons to determine the location of an inmate's imprisonment.

3, 2008. (Docket No. 10 at 3.)

In response to an Order to Show Cause, Respondent submitted a prison camp case manager's declaration, which detailed how the case manager considered each of the § 3621(b) factors to make an individualized determination of Petitioner's CCC eligibility. (Havron Decl. ¶ 3.) Weighing these factors, the case manager determined that Petitioner should be placed in a CCC for up to 120 days. (Id. ¶ 4.) Based on the submissions, Magistrate Judge Noel found no evidence that Respondent violated the January 2007 Order and therefore recommended that the Motion for Contempt be denied. (Docket No. 18 at 2.)

In his Objections to the R&R, Petitioner acknowledges that the case manager presented Petitioner with a CCC eligibility determination at a March 19, 2007 program review. Nonetheless, Petitioner contends that Respondent did not make an individualized determination based on the § 3621(b) factors prior to the review.

The Court is satisfied that the Bureau of Prisons considered the factors set forth in 18 U.S.C. § 3621(b) when making an individualized assessment to determine the appropriateness of assigning Petitioner to a CCC. The case manager determined Petitioner's CCC eligibility status approximately eleven months before Petitioner's projected release date,[2] and that the manager considered each § 3621(b) factor. Accordingly, **IT IS HEREBY**

---

[2] Although the program review was held ten months and three weeks within Petitioner's release date, there is no evidence that the case manager did not make the individualized determination as to Petitioner's CCC eligibility within the week prior to the review. In any event, holding Respondent in contempt is inappropriate because the determination has been made. See Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000) ("Civil contempt may be employed either to coerce the defendant

**ORDERED** that:

1. Petitioner's Motion for Contempt of Court (Docket No. 12) is **DENIED**;

2. The Court **ADOPTS** the R&R (Docket No. 18); and

3. Petitioner's Objections to the R&R (Docket No. 19) are **OVERRULED**.


Dated: July 19, 2007

s/ Paul A. Magnuson<br>Paul A. Magnuson<br>United States District Court Judge

---

into compliance with a court order or to compensate the complainant for losses sustained, or both.").

3